REYNOLDS et al. v. HOURIGAN et al.

In re HANCE.

(Circuit Court of Appeals, Third Circuit. December 9, 1918.)

No. 2400.

BANKRUPTCY ⬡➔341—CLAIM AGAINST TRUSTEE FOR RENT—DISCRETION OF
COURT.

Disallowance of the claim of bankrupt's landlord for rent after all the
personal property had been sold by the trustee and removed, except
articles to which the landlord made an unwarranted claim as fixtures,
and which remained in the building pending decision as to their owner-
ship, *held* within the court's discretion.

On Petition for Review from the District Court of the United States
for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

In the matter of John Hance, bankrupt. On petition to review or-
der denying claim of Reynolds & Reynolds for rent. Affirmed.

Reynolds & Reynolds, of Wilkes-Barre, Pa., for petitioners.

Before BUFFINGTON and WOOLLEY, Circuit Judges.

PER CURIAM. This case arises in the settlement of the bank-
rupt estate of John Hance. That estate consisted of a lot owned by
Hance, having a store building erected thereon, and certain personal
property in said building. At the time of the bankruptcy, this prop-
erty was under execution on process issued by Reynolds, a mortgage
creditor. The receiver of the Hance estate notified the sheriff not
to sell any personal property, but, in answer to inquiry by Reynolds,
stated he was willing the sheriff's sale of the real estate should pro-
ceed. It did proceed, and Reynolds became the purchaser, and there-
after the receiver retained possession of the real estate for the pur-
pose of disposing of the personal property in the store building, and
sold all of the personal property in the building, except certain ar-
ticles which Reynolds claimed were fixtures, notified the receiver not
to sell, and which in his petition in the bankrupt court, before the at-
tempted sale by the receiver, Reynolds there averred—

"are a part of the permanent structure, and any attempt of the removal will
cause everlasting injury to your petitioners."

It subsequently appeared by a decision of the court that the claim
of Reynolds was unwarranted, that the personal property he claimed
belonged to the bankrupt estate of John Hance, and it is clear it
would have been sold with the other personal property, had not Rey-
nolds made this unwarranted claim. The referee made a proper al-
lowance to Reynolds for the use and occupation of the premises up
to the date of said sale and for 4 days thereafter, and refused to al-
low the claim of Reynolds for 38 days of alleged use and occupation
before he subsequently got the key, and for some 7 or 8 months' al-
leged use and occupation thereafter, pending which the goods or the
fixtures which Reynolds unwarrantedly claimed remained on the

⬡➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

premises. It will thus be seen that, if Reynolds had not made the unwarranted claim for the personal property, he would no doubt have been given full and exclusive possession of the premises, at the time the unclaimed part of the personal property was sold. It is equally clear that out of his unwarranted claims this difficulty has arisen. The court below has reached the conclusion that the—

"referee's disposition of the rent claim of Reynolds fairly meets the equity of the case, and his opinion is accepted and adopted as expressing the opinion of the court."

We shall not enter into a discussion of the facts and circumstances of the case, further than to say that if either the receiver, who was then about giving way to the trustee, or the landlord, or both of them, had promptly called the attention of the court to the landlord's desire to have the key, and to the situation which was caused by his holding onto the personal property of the estate after the key was delivered to him, that the court could have made some order both as to the occupancy of the building and of the personal property of the estate therein which Reynolds was wrongfully claiming, but which the trustee was warned not to remove from the premises by Reynolds' averment of permanent injury. The case presented was one for an administrative exercise of discretion, which could have been readily met by either the trustee or the landlord, or both together, calling to the attention of the court. But neither of them did anything. If there was any act of omission or commission involved, clearly it may be said that Reynolds, as well as the trustee, shared therein. But, granting this, we see no reason why the creditors should suffer from a situation in which the landlord is not wholly free from fault. Under all the circumstances of the case, we think the case was one for the exercise of wise discretion, and the court below, in awarding Reynolds rent up to the time of the sale and a few days thereafter, fairly met the equity of the case.

We therefore affirm the decree of the court below, but, under all the circumstances of the case, we direct the costs of this appeal be paid by the bankrupt estate.